NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PORT PIRES, LLC, | : | CIVIL ACTION NO. 13-4397 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : | |
| SCOTTSDALE INSURANCE COMPANY, | : | |
| Defendant. | : | |

**A RESTAURANT** owned by the plaintiff, Port Pires, LLC ("PPLLC"), was damaged by Superstorm Sandy in October 2012. PPLLC was insured by the defendant, Scottsdale Insurance Company ("SIC"). Although SIC reimbursed PPLLC for a certain portion of its claimed losses, PPLLC seeks — pursuant to its assertions in the first count of the complaint — further payments pursuant to its "commercial property coverage, building property coverage, business personal property coverage and business income coverage". (Dkt. 1-2 at 5.)[1]

**PPLLC AND SIC** proceeded to arbitration, and an arbitration award was issued in June 2015. (See dkt. entry after dkt. 38.) But PPLLC rejected the arbitration award, and demanded a trial de novo in July 2015. (See dkt. 39.)

---

[1] The complaint has six counts. The fifth count and the sixth count have been dismissed with prejudice. (See dkt. 72 at 1–2; see also dkt. 1-2 at 8–9.) The second count, third count, and fourth count are asserted against: (1) a defendant entity that is no longer in the action; and (2) fictitious entities. (See dkt. 1-2 at 5–8.) Thus, the only viable count in the action is the first count.

**SIC NOW HAS** two motions pursuant to Federal Rule of Civil Procedure 56 for summary judgment pending.  In the first motion ("First Motion"), SIC moves for summary judgment in its favor on the issue of whether PPLLC is entitled to further payments for property damage.  (See dkt. 61; dkt. 76.)  In the second motion ("Second Motion"), SIC moves for summary judgment in its favor on the issue of whether PPLLC is entitled to further payments for loss of business income.  (See dkt. 62; dkt. 75.)  PPLLC has opposed both the First Motion and the Second Motion.  (See dkt. 73; dkt. 74.)

**BUT THE COURT'S REVIEW** of the papers filed in support of the First Motion and the Second Motion reveals that they are actually motions to strike expert opinions dressed up as motions for summary judgment.  Thus, SIC has not properly set the stage for the arguments that it raises here.

**SIC ARGUES** the following on the issue of property damage in the first motion:

> To support [PPLLC's] liability argument that the subject property sustained damage as a result of a covered loss under the [SIC] policy, [PPLLC] relied upon an architectural expert, Michael Millemann of Tokarski and Millemann.  Mr. Millemann is of the opinion that the subject property suffered from four to six inches of standing water as a result of Sandy, and sustained significant interior and exterior damages estimated at a total of $297,485.50.

> However, . . . Mr. Millemann's expert report consists only of impermissible "net opinions" and should be stricken.  Mr. Millemann's opinions are not reliable or based on legitimate methods and procedures of science.  Instead, they are based on subjective belief, and/or unsupported speculation.  Mr. Millemann's testimony will not assist a trier of fact in this matter, and as such Mr. Millemann should be stricken

2

> as a liability expert based upon his subjective beliefs and unsupported speculation.
>
> Without the requisite testimony of a competent expert on the issue of liability/causation, [PPLLC] cannot prevail on a property damage claim to an entitlement to additional funds from [SIC], and therefore Summary Judgment should be granted in favor of [SIC].

(Dkt. 61-4 at 2–3; see dkt. 61-5 at 6–8 (SIC discussing reliability of evidence pursuant to Federal Rule of Evidence 702); see also dkt. 74 at 11–14 (PPLLC defending the reliability of the opinion of its architectural expert in response); see also dkt. 76 at 4 (SIC stating that the opinions of architectural expert "should be excluded because they lack factual basis and are based on nothing more than speculation").)

**SIC ARGUES** the following on the issue of loss of business income in the second motion:

> In support of the business income interruption loss claim, [PPLLC] served an expert report from Peter J. Bertuglia, C.P.A.  Mr. Bertuglia drafted a report . . . in which he performed a loss projection for [PPLLC] from April 1, 2013, following the "period of restoration" . . . through September 30, 2014.  Mr. Bertuglia determined that PPLLC suffered a continuing business income interruption loss of $75,928 during this expanded time frame.
>
> However, . . . this future projection of lost income is based on nothing . . .
>
> . . . .
>
> [T]he report of Mr. Bertuglia, in which he projects an ongoing business income interruption claim, constitutes nothing more than an inadmissible net opinion.  As such, the report should be stricken, and Mr. Bertuglia should be barred from testifying as an expert witness in this matter.

3

> Further, without expert testimony, [PPLLC] cannot prevail on a business income interruption claim, so partial summary judgment as to this issue is appropriate.

(Dkt. 62-4 at 2–4; see dkt. 62-5 at 7–9 (SIC discussing reliability of evidence pursuant to Federal Rule of Evidence 702); see also dkt. 73 at 9–11 (PPLLC defending the reliability of the opinion of its accounting expert in response); see also dkt. 75 at 4 (SIC stating that the opinion of PPLLC's accounting expert "should be stricken as he did not rely on any factual foundation when creating his projection of [PPLLC's] future loss income").)

**THE ISSUES** regarding the reliability of the opinion of PPLLC's architectural expert and the opinion of PPLLC's accounting expert should be separately resolved before the Court considers whether an award of summary judgment is appropriate as to the claim for property damage and the claim for loss of business income. Therefore, the Court will deny the First Motion without prejudice and the Second Motion without prejudice, and direct SIC to move to strike the opinion of PPLLC's architectural expert and the opinion of PPLLC's accounting expert. See Mykolaitis v. Home Depot U.S.A., No. 13-1868, 2014 U.S. Dist. LEXIS 164745, at *1–3 (D.N.J. Nov. 25, 2014) (doing same where summary judgment movant sought exclusion of certain expert testimony); Deficcio v. Winnebago Indus., No. 11-7406, 2014 U.S. Dist. LEXIS 4604, at *1–3 (D.N.J. Jan. 14, 2014) (doing same where summary judgment movant argued that "the only 'expert' proof submitted by Plaintiffs should be disregarded as unreliable"); see also Boyer v. Weyerhaeuser Co., No. 14-286, 2015 WL 6869334, at *2 (W.D. Wis. Nov. 9,

2015) (staying summary judgment motion due to a pending motion to exclude expert testimony, because the "motion for summary judgment primarily turns on the admissibility of plaintiffs' proffered expert testimony"); RWJ Mgmt. Co. v. BP Prods. N. Am., No. 09-6141, 2011 WL 101727, at *7 (N.D. Ill. Jan. 12, 2011) (withholding decision on a summary judgment motion because "the viability of those claims [at issue] depends on whether Plaintiffs' . . . expert survives a pending motion to exclude").

**IT IS IMPERATIVE** that the issues regarding the reliability of the opinions of PPLLC's architectural expert and accounting expert be resolved first.  SIC may move anew for summary judgment after the Court resolves the anticipated motion or motions to strike the opinions of those experts.  See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) (recognizing a court's inherent power to control the docket); Rolo v. Gen. Dev. Corp., 949 F.2d 695, 702 (3d Cir. 1991) (same).

**THE COURT** will enter an appropriate order.

     s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

**Dated:**  March 17, 2016